I concur with the majority, but I respectfully disagree with two statements in the majority opinion. The first is, "On the other hand, if Johnson's termination was, in fact, the result of his conduct in giving false information under oath during voir dire examination, then the protections of § 12-16-8.1 would not apply." 740 So.2d at 397-98. Allowing the employer to discharge the employee on the ground of the employer's judgment of the faithfulness of the employee's jury service would allow the employer to circumvent the statute.
The second statement with which I respectfully disagree is the sentence in the conclusion which reads "We would point out that a jury may ultimately conclude that Johnson is entitled to no damages, because he has, in fact, been reinstated." 740 So.2d at 400. This appeal does not require us to prejudge the damages in this case. Noteworthily, our opinion recites that "[i]n May 1997, the Public Law Board ordered reinstatement, without backpay fortime lost." 740 So.2d at 394. (Emphasis added.) The plaintiff may or may not prove, and the jury may or may not find, lost wages or other damages.